IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| PRECISION OF NEW HAMPTON, INC., | ) | NO. 6:12-cv-02020-JSS |
| Plaintiff, | ) | |
| vs. | ) | |
| TRI COMPONENT PRODUCTS CORP., | ) | |
| Defendant. | ) | PROTECTIVE ORDER |
| TRI COMPONENT PRODUCTS CORP., | ) | |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| KNOWLTON TECHNOLOGIES, L.L.C., | ) | |
| Third-Party Defendant. | ) | |

The court, being fully advised in the premises, FINDS that a Protective Order should be entered as set forth below.

IT IS HEREBY ORDERED:

1. This Protective Order shall govern all information, answers, documents, testimony, and other discovery information or items produced by the parties.

2. Whenever, in the opinion of any party to this litigation, information, answers, documents, testimony, or other discovery information or items (hereinafter, collectively, "materials") would reveal information that such party (hereinafter "designating party") considers to be confidential, the designating party shall have the right to designate such materials as "confidential material." The party to whom such confidential material is disclosed, including its agents, representatives, and all other persons acting on the party's behalf (hereinafter, collectively, "receiving party") shall maintain the confidential material

subject to the terms of this Protective Order.

3. Designation of materials as confidential material shall be made by marking each page of a document, or the item itself (if not a document), with the word "CONFIDENTIAL."

4. In the event a party discovers that it has produced confidential material that has not been designated as such, that party may, within twenty days of the discovery of such production, designate those materials as confidential by subsequent notice in writing specifically identifying the materials and furnishing the materials with the correct designation. In the event of subsequent designation, the parties shall treat such materials as confidential material in accordance with this Protective Order and shall use their best efforts to retrieve any disclosure, dissemination, or use of such materials that occurred prior to redesignation.

5. The receiving party shall not disclose confidential material to any person except:

(a) Plaintiff; and/or

(b) The Court and its officers (including court reporters); and/or

(c) Counsel of record in this litigation and employees of counsel in this litigation who have been actively engaged in the conduct of this litigation; and/or

(d) Any Defendant, including any in-house counsel of any Defendant;

(e) Experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Protective Order and not to disclose confidential material except as permitted in this Protective Order; and/or

(f) Fact witnesses providing testimony by deposition or at any court proceeding in this case.

6. Counsel of record shall inform each person to whom they disclose or give access to confidential documents or information of the terms of this Protective Order, and the obligation of the person to comply with this Protective Order.

7. The provisions of this Protective Order shall not apply to a designating party's own use of confidential material and shall not prohibit any party from using materials that were already in its possession prior to this litigation.

8. A party may object to the propriety of designating materials as "confidential material" by serving a written objection upon the designating party's counsel. If the non-designating party objects in accordance with this Protective Order, and the designating party fails to agree within ten days of its receipt of the objection to cancel or modify the designation in accordance with the objection, then the objecting party may move the court for an order to declare such materials not confidential. In connection with such a motion, the designating party shall bear the burden to show that the materials are entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or motion and until the court may rule otherwise, the materials designated as confidential material shall remain subject to the designations and restrictions of this Protective Order.

9. Nothing in this Protective Order shall prohibit any party from objecting to the production or disclosure of confidential material solely on the grounds that such materials are confidential or sensitive, or on any other grounds.

10. Nothing in this Protective Order shall preclude the parties from objecting to the admissibility or use of confidential material.

11. The Clerk of this Court is directed to maintain under seal all information, including but not limited to, transcripts, exhibits, documents, objects, materials and papers filed with the Court in this litigation which have been designated, in whole or in part, as CONFIDENTIAL INFORMATION by a party to this action. To assist the Clerk, any document or object which a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope containing documents which are file din this case by [name of party] is not to be opened nor the contents thereof to be displayed or revealed except by order or under direction of the Court,

12. The designation of documents, things, or other material as "confidential material" shall not prohibit a party from offering such "confidential material" into evidence at trial or becoming a part of the trial or appellate record. The use of confidential material as evidence at any hearing or trial shall be subject to such order of the court as may be reasonably necessary to preserve the confidentiality of the confidential material.

13. This Protective Order shall be without prejudice to the right of any party to oppose disclosure of any materials for any reason other than confidentiality.

14. This Protective Order is without prejudice to the rights of any party to seek relief from any of its provisions or to seek different or additional protection for any particular materials.

15. Nothing in this Protective Order shall be deemed to waive any applicable privilege, and neither the taking of action nor the failure to take any action with respect to designating

confidentiality pursuant to this Protective Order shall constitute a waiver of any rights, claims, or defenses by any party in this litigation or any other action.

16. Upon settlement and/or final disposition of this litigation, including all appeals, counsel for each receiving party shall assemble and either destroy or return to counsel for the designating party all confidential material (including all copies, charts, summaries, excerpts, etc.). The receiving party shall certify in writing that he/she/it has returned and/or destroyed all such confidential material and that he/she/it retains no confidential material.

17. No part of the restrictions imposed by this Protective Order may be terminated except by written stipulation of the parties or by order of the court for good cause shown. The final disposition of this litigation shall not relieve any person who has received confidential material from the obligations imposed by this Protective Order.

_____ 11-14-12
MAGISTRATE JUDGE
U.S. DISTRICT COURT
Jon Stuart Scoles

COPIES TO:

David J. Dutton
Dutton, Braun, Staack & Hellman
3151 Brockway Rd.
PO Box 810
Waterloo, IA 50704
*Attorneys for Precision of New Hampton*

Samuel C. Anderson
Swisher & Cohrt, P.L.C.
528 West 4th Street
P.O. Box 1200
Waterloo, IA 50704-1200
*Attorneys for Tri Component Products Corp.*

Andrew C. Johnson
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
*Attorneys for Knowlton Technologies, L.L.C.*

I:\Lit\Precision.Tricomponent\Discovery\Protective Order.wpd

5