IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **PRECISION OF NEW HAMPTON, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**TRICOMPONENT PRODUCTS CORPORATION,**<br><br>Defendant.<br><br>------------------------------------------------<br><br>**TRICOMPONENT PRODUCTS CORP.,**<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>**KNOWLTON TECHNOLOGIES, L.L.C.,**<br><br>Third-Party Defendant. | No. C12-2020<br><br>**RULING ON AMENDED MOTION TO COMPEL DISCOVERY** |

This matter comes before the Court on the Amended and Substituted Motion to Compel Discovery (docket number 31) filed by the Defendant on December 11, 2012. Defendant TriComponent Products Corporation ("TriComponent") filed its initial Motion to Compel Discovery (docket number 29) on November 28. In its resistance (docket number 30) filed on December 11, however, Plaintiff Precision of New Hampton, Inc. ("Precision") argued that the motion should be denied because TriComponent had failed to file the declaration required by Local Rule 37.a. TriComponent's amended and substituted motion is apparently identical to its initial motion, except the required

declaration has now been attached. *See* docket number 31 at 8-9. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## *I. PROCEDURAL HISTORY*

On February 7, 2012, Precision sued TriComponent in the Iowa District Court for Chickasaw County, seeking damages for breach of an implied warranty and breach of contract. The action was removed to this Court on March 13. TriComponent filed its answer on April 13.

On June 11, 2012, the Court adopted a Scheduling Order and Discovery Plan submitted by the parties. With the consent of the parties, and in accordance with 28 U.S.C. § 636(c), the case was referred to the undersigned magistrate judge for all further proceedings. A jury trial was scheduled to begin on July 8, 2013.

On August 3, 2012, with the Court's permission and Precision's consent, TriComponent filed a third-party complaint against Knowlton Technologies, LLC ("Knowlton"). Knowlton filed its answer on August 30. Because a new party was added, the trial was continued to October 28, 2013, and the pretrial deadlines were modified. *See* docket number 26.

## *II. RELEVANT FACTS*

On September 27, 2012, TriComponent served Precision with a set of interrogatories, numbered 1 through 18. However, nearly all of the interrogatories have subparts. On October 25, Precision's attorney (David J. Dutton) sent a letter to TriComponent's attorney (Samuel C. Anderson), asserting the number of interrogatories exceeded that permitted by the Federal Rules. Dutton advised Anderson that "I am only answering the first 25 discreet Interrogatory questions."[1] Anderson responded on October 31, urging that "[p]roviding a response for all of the subparts of each Interrogatory merely ensures that we obtain a full answer concerning the information we need for each particular

---

[1] Letter from David J. Dutton to Samuel C. Anderson, dated October 25, 2012 (docket number 29-1 at 33).

2

component part at issue in this case."[2] Anderson also advised Dutton that if the Court found the interrogatories exceeded 25, then "we will be forced to ask the court for permission for leave to ask more than 25 Interrogatories to encompass the questions posed."[3] On November 7, Dutton responded that "we count 168 discreet questions in your Interrogatories."[4] Dutton further asserts that "the information you have requested is punitive in that it forces the Plaintiff to spend an inordinate amount of time, money and effort in obtaining information which is well beyond what is needed to establish our case by the evidence."[5] Dutton closes by stating that "[i]f you would like to reduce the number of questions to a reasonable proportion, we will certainly make every effort to comply."[6]

On November 20, 2012, Precision served its answers to TriComponent's interrogatories. Precision answered Interrogatory Number 1 (including subparts A-R), Interrogatory Number 2 (including subparts A-E), and Interrogatory Number 3 (but only subparts A and B). Precision objected to subparts C-E of Interrogatory Number 3, and all remaining interrogatories and subparts, asserting that "[t]his question and the ones that follow exceed the number of Interrogatories allowed under Federal Rule of Civil Procedure 33."[7] On November 28, TriComponent filed its motion to compel.

---

[2] Letter from Samuel C. Anderson to David J. Dutton, dated October 31, 2012 (docket number 29-1 at 34-35).

[3] Id.

[4] Letter David J. Dutton to Samuel C. Anderson, dated November 7, 2012 (docket number 29-1 at 36).

[5] Id.

[6] Id.

[7] Plaintiff's Answers to Interrogatories Propounded by TriComponent Products Corp. (docket number 30-2 at 37-65).

## *III. DISCUSSION*

### *A. Applicable Law*

The FEDERAL RULES OF CIVIL PROCEDURE limit the number of interrogatories which may be served on another party without court approval or a stipulation between the parties.

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

FED. R. CIV. P. 33(a)(1). The limitation was added in 1993. According to the advisory committee notes, "[b]ecause Rule 26(a)(1)-(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it." The advisory committee notes also address the issue of exceeding the limitation by using subparts.

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

FED. R. CIV. P. 33, advisory committee notes, 1993 Amendments.

Courts have struggled with finding a workable method to determine if a "subpart" is properly counted as an additional interrogatory. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006). *See also Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.C. 2005) ("[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the

4

subpart must be considered a separate interrogatory no matter how it is designated."). In *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D. Nev. 1997), the test was described as follows:

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related.

*Kendall*, 174 F.R.D. at 685-86. However, as noted by the Court in *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.C. 2004), "this is anything but a bright-line test."

### B. Analysis

In Interrogatory Number 1, TriComponent asks Precision to identify the names of all people holding certain positions with Precision between 2005 to the present, and identify the time period when they held the position. TriComponent then lists 18 different positions. In its answer, Precision identifies the persons holding the positions, but does not identify the time period during which the positions were held.

In its motion to compel, TriComponent states that all of the subparts contained in the interrogatories "are discrete," apparently believing the assertion advances its cause.[8] In fact, if the subparts are "discrete," then they must be counted as separate interrogatories. The Court concludes that TriComponent's request for the names and dates of employment for 18 separate positions does, in fact, contain 18 "discrete subparts" and, therefore, constitutes 18 interrogatories. That is, naming the officers and directors of Precision, including their dates of service – as requested in Interrogatory Number 1(A) –

---

[8] Motion to Compel (docket number 29) at 3, ¶ 6.

may "stand alone" and is "independent" of the names of the plant manager and his or her dates of employment – as requested in Interrogatory Number 1(B). As Precision notes in its resistance, if TriComponent is merely seeking the names of Precision's employees who would provide relevant information to the litigation, as asserted in its motion to compel, then it could have formulated a question designed to elicit that information.[9] Moreover, Precision correctly notes that "if this was the actual intent behind the interrogatory, then it is exactly the type of information that Plaintiff was already required to disclose pursuant to Fed. R. Civ. P. 26(a)(1)."[10]

The Court will not extend this order by reviewing all 18 interrogatories. Precision asserts in its brief that there are 168 discrete subparts. Clearly, the "interrogatories, including all discrete subparts" exceed the 25 interrogatories permitted under Rule 33(a)(1). Accordingly, Precision is not required to respond to all of the interrogatories.

In response to TriComponent's excessive number of interrogatories, Precision answered the first 25 subparts – albeit incompletely – and refused to answer the remaining 143 subparts. The Court believes, however, that the appropriate remedy is to allow TriComponent to serve a substituted set of interrogatories which complies with Rule 33(a)(1). *Young v. Dornan*, 2008 WL 4372819 (D. Neb.) at *3 (finding that because of the excessive number of interrogatories, the plaintiff should not be compelled to answer them all, but also should not be permitted to select which interrogatories he would prefer to respond to, and permitting the defendant to withdraw her first set of interrogatories and substitute them with another set). Therefore, TriComponent will be given another opportunity to serve a set of interrogatories which are compliant with the Rules.

---

[9] Plaintiff's Brief in Support of Plaintiff's Resistance to Defendant's Motion to Compel Discovery (docket number 30-1) at 8.

[10] *Id.*

## IV. ORDER

IT IS THEREFORE ORDERED that the Amended and Substituted Motion to Compel Discovery (docket number 31) filed by the Defendant is **DENIED**. However, Defendant may serve a substituted set of interrogatories which complies with FED. R. CIV. P. 33(a)(1).

DATED this 13th day of December, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA