IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PRECISION OF NEW HAMPTON, INC., <br><br>Plaintiff, <br><br>vs. <br><br>TRI COMPONENT PRODUCTS CORPORATION, <br><br>Defendant. <br><br>――――――――――――――――――― <br><br>TRI COMPONENT PRODUCTS CORP., <br><br>Third-Party Plaintiff, <br><br>vs. <br><br>KNOWLTON TECHNOLOGIES, L.L.C., <br><br>Third-Party Defendant. | No. C12-2020 <br><br>RULING ON MOTION TO RECONSIDER |

On the 24th day of June 2013, this matter came on for hearing on the Motion to Reconsider and to Compel (docket number 49) filed by the Plaintiff on June 7, 2013. Plaintiff Precision of New Hampton, Inc. ("Precision") was represented by its attorney, David J. Dutton. Defendant Tri Component Products Corp. ("Tri Component") was represented by its attorney, Samuel C. Anderson. Third-Party Defendant Knowlton Technologies, LLC ("Knowlton") was represented by its attorney, Andrew C. Johnson.

On April 19, 2013, Precision filed a motion to compel discovery, asking that it be permitted to discover the opinions held by Aaron J. Jones, P.E., an expert who examined the allegedly defective torque converters at the request of Tri Component's insurer. Because Tri Component has not identified Jones as an expert it plans to call as a witness

at trial, Precision is entitled to discover facts known or opinions held by Jones only upon a showing of "exceptional circumstances." *See* FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(D). On June 5, the Court filed an Order (docket number 48) denying Precision's motion to compel. The Court reasoned that because Precision could procure equivalent information by using its own experts to examine the allegedly defective parts, there were no "exceptional circumstances" permitting the discovery of opinions held by a non-testifying consulting expert.

In its instant motion, Precision asks the Court to reconsider its holding in that regard. The motion asserts that after filing the motion to compel discovery, Precision received the written opinions of Tri Component's experts, Louis Darling and Dennis McGarry. Tri Component's experts will apparently opine that "it is necessary to have the complete torque converter in order to determine the cause or causes of failure."[1] However, Precision has disposed of the torque converters at issue. In an affidavit signed by Dennis Hansen, Precision's principal owner and chief executive officer, Hansen states that "after a period of two years of negotiations regarding settlement, it was decided that the torque converters themselves were no longer needed and the same were either rebuilt with new parts and sold to our customers or the cores were sold as scrap."[2] That is, despite its ongoing dispute with Tri Component, the allegedly defective torque converters were disposed of by Precision, without giving Tri Component any notice.

Because Precision rebuilt or recycled the allegedly defective torque converters, "Aaron Jones was the only expert witness in this case who has had access to both the torque converters and to the exemplar bearings and friction paper . . . and he is the only one who can testify regarding the complete review of the defective products and the torque

---

[1] Precision's Motion to Reconsider (docket number 49) at 2.

[2] Affidavit of Dennis Hansen (docket number 49-1) at 2.

2

converters in this matter."[3] That is, because Precision no longer has the torque converters, they are not available for inspection by experts for any party. Precision argues that this supports a finding of exceptional circumstances, which would authorize the Court to permit Precision to discover Jones' opinions.

The Court notes that the party seeking to depose a non-testifying consulting expert bears the burden of demonstrating exceptional circumstances. *Hartford Fire. Ins. Co. v. Pure Air on the Lake Ltd.*, 154 F.R.D. 202, 207-08 (N.D. Ind. 1993). Courts have characterized this burden as "heavy." *Id.* at 208. Here, Precision has failed to identify any legal authority to support the proposition that a party can show exceptional circumstances based on its own decision to destroy relevant evidence. Courts have found exceptional circumstances where the object or condition at issue is no longer observable by experts of the party seeking discovery. *Id.* In those cases, however, the destruction or change in condition occurred through no fault of the party seeking discovery.

While Precision cites *Delcastor, Inc. v. Vail Associates, Inc.*, 108 F.R.D. 405 (D. Colo. 1985), the destruction in *Delcastor* occurred due to factors outside the parties' control. *See Delcastor*, 108 F.R.D. at 409 (finding exceptional circumstances where only one party's expert could investigate the site of a mud slide before conditions changed due to weather and surrounding human activity). In addition to cases like *Delcastor* finding exceptional circumstances due to natural deterioration, several courts have found exceptional circumstances where destruction of evidence occurred as a result of actions taken by the opposing party. *See Braun v. Lorillard, Inc.*, 84 F.3d 230, 236 (7th Cir. 1996) (holding that exceptional circumstances exist where the plaintiff's expert destroyed lung tissue during testing preventing the defendant from conducting its own tests); *Sanford Constr. Co. v. Kaiser Aluminum & Chemical Sales, Inc.*, 45 F.R.D. 465, 465-66 (E.D. Ky. 1968) (holding that the defendant demonstrated exceptional circumstances where the

---

[3] *Id.*

plaintiff excavated, replaced, and paved over a collapsed sewer pipe while refusing to allow the defendant access to the site). In *Disidore v. Mail Contractors of America, Inc.*, 196 F.R.D. 410, 415 (D. Kan. 2000), the plaintiff argued that exceptional circumstances existed because only the defendant's expert inspected the wheel assembly of a trailer that collided with the plaintiff's car before an employee of the highway patrol degreased it. The *Disidore* Court noted that the case was distinguishable from other cases where "the change in condition was a result of an adversary's activity," and the Court found it significant that "no such evidence exists in this case." *Id.* at 418.

Here, as Tri Component points out, the "exceptional circumstances" relied upon by Precision are of Precision's own making. That is, Precision unilaterally decided to dispose of the defective torque converters, despite the fact that no settlement had been reached regarding its claims. Tri Component argues that "[i]t would not be in the interest of justice to allow a party to benefit from their own destruction of evidence."[4] In reply, Precision claims that it relied on the statements of Jones and Tri Component's insurer that the parts provided by Tri Component were defective. According to its attorney, Precision thought "the game was over."

Clearly, however, the game was not over. Despite lengthy "negotiations regarding settlement," no agreement had been reached. When Precision decided to dispose of the defective torque converters, it did so at its own peril. Even assuming Jones and Tri Component's insurer opined that the parts were defective, Tri Component did not make any admissions, reach any agreement, or acquiesce in the destruction of the evidence. The Court concludes that Precision has failed to meet its burden of showing exceptional circumstances, as required by FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(D). Accordingly, the motion to reconsider will be denied.

---

[4] Tri Component's Resistance (docket number 50) at 3-4.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Reconsider and to Compel (docket number 49) filed by Precision is **DENIED**.

DATED this 25th day of June, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA