IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PRECISION OF NEW HAMPTON, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TRI COMPONENT PRODUCTS CORPORATION,<br><br>Defendant.<br><hr><br>TRI COMPONENT PRODUCTS CORP.,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>KNOWLTON TECHNOLOGIES, L.L.C.,<br><br>Third-Party Defendant. | No. C12-2020<br><br>RULING ON PRETRIAL MOTIONS |

## TABLE OF CONTENTS

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.*   *MOTION TO COMPEL DISCOVERY* . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.*   *Relevant Facts* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        *1.*    R<small>ULE</small> *26(a) disclosures* . . . . . . . . . . . . . . . . . . . . . . 2
        *2.*    *Interrogatory* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B.*   *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III.*  *MOTION TO EXTEND TIME TO RESPOND* . . . . . . . . . . . . . . . . . . . . 6
    *A.*   *Relevant Facts* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *B.*   *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*IV.*  *ORDER* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION

On the 15th day of July 2013, this matter came on for telephonic hearing on the Motion to Compel Discovery (docket number 59) filed by the Plaintiff on June 26, 2013, and the Motion to Extend Time to Respond (docket number 64) filed by Plaintiff on July 8, 2013. Plaintiff Precision of New Hampton, Inc. ("Precision") was represented by its attorney, Joshua Moon. Defendant Tri Component Products Corp. ("Tri Component") was represented by its attorney, Samuel C. Anderson. Third-Party Defendant Knowlton Technologies, L.L.C. ("Knowlton") was represented by its attorney, Andrew C. Johnson.

## II. MOTION TO COMPEL DISCOVERY

### A. Relevant Facts

#### 1. RULE 26(a) disclosures

On June 26, 2013, Precision filed its motion to compel discovery, complaining that Tri Component has failed to comply with the initial disclosure requirements of FEDERAL RULE OF CIVIL PROCEDURE 26(a). The motion also asserts that Tri Component failed to provide an adequate response to Precision's Interrogatory No. 4. Regarding the issue of initial disclosures, Precision's motion states:

> 2. Defendant's Initial Disclosure was made in this case under date of July 27, 2012 and consisted solely of insurance policies.
>
> 3. On May 20, 2013, Defendant Tri Component Products served its first supplement to Initial Disclosure which identified six general categories of documents. See a copy of the supplement to Initial Disclosures attached as Exhibit A.

Precision's Motion to Compel Discovery (docket number 59) at 1-2.[1]

---

[1] Similarly, in its brief, Precision stated that "Tri Component's first disclosure consisted solely of insurance documents. Tri Component's first supplemental disclosure (continued...)

The motion is, at best, misleading. Precision claims in its motion that Tri Component's initial disclosure "consisted solely of insurance policies." Precision also implies that Tri Component did not identify the "six general categories of documents" until it served its first supplement to the initial disclosures on May 20, 2013. To illustrate the point, Precision attached a copy of Tri Component's "First Supplement to Initial Disclosure." What the motion *does not* say, is that Tri Component identified the "six general categories of documents" in its *initial* disclosure served on July 27, 2012. That is, the "six general categories of documents," which Precision now claims fail to comply with RULE 26(a), were included in Tri Component's initial disclosure served on July 27, 2012 — nearly one year ago. A copy of Tri Component's "Initial Disclosure" was attached to its resistance as Exhibit A.

### 2. *Interrogatory*

Precision also complains that Tri Component provided an inadequate response to Interrogatory No. 4. On October 9, 2012, Precision submitted written discovery requests, including the following:

> **INTERROGATORY NO. 4:** Identify and describe by name, title, label, date and other information necessary to provide a reasonable identification, all writings, photographs, charts, graphs, and other references to the bearing and friction paper involved in this matter.

Precision's Motion to Compel Discovery, Exhibit B (docket number 59 at 10-12).

On November 8, 2012, Tri Component timely served the following response:

> Attached hereto are copies of two prints which show how this Defendant identifies part number SW-2-24 and part number

---

[1](...continued)
identified six general categories of materials, but did not disclose any materials within those categories, nor identify their location or provide an adequate description." Precision's Brief (docket number 59-2) at 2.

> PW-2-10. As to the friction paper, this Defendant simply ordered "high carbon" grade linings from Defendant, Knowlton Technologies, L.L.C.

*Id.*

Precision claims in its brief that Tri Component's response "is clearly unresponsive, incomplete and inadequate." In response, Tri Component argues that "[a] plain reading of Interrogatory No. 4 makes no sense" and, in any event, Precision "never once complained [the responses] were inadequate" until June 2013.

## B. Discussion

The FEDERAL RULES OF CIVIL PROCEDURE require a party, without awaiting a discovery request, to provide the other party with copies of documents it may use to support its claims or defenses, or to provide "a description by category and location" of all such documents. FED. R. CIV. P. 26(a)(1)(A)(ii). In 2000, RULE 26(a)(1) was amended and the parties' disclosure obligations were "narrowed to cover only information that the disclosing party may use to support its position." Advisory Committee Notes to FED. R. CIV. P. 26. That is, "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." *Id.*

Here, Tri Component served Precision with its RULE 26(a)(1) initial disclosure on July 27, 2012. Part B of the initial disclosure, which is intended to be responsive to RULE 26(a)(1)(A)(ii), states:

> Tri Component identifies the following documents or categories of documents in its possession, custody or control that it may use to support its defenses:
>
> 1. Warranties
> 2. Invoices
> 3. Sales and Return Policies
> 4. Recall Notices

  5. Testing Reports

  6. Purchasing and Sales Records

Precision's Resistance, Exhibit A (docket number 69 at 22-26).

  Precision argues that Tri Component's disclosure does not comply with the RULES' requirements. In support of its argument, Precision cites *Delaney v. Ashcraft*, 2006 WL 2080023 (W.D. Ark. 2006). There, the respondents identified certain police reports, together with "any and all relevant admissible documents furnished during discovery; any relevant documents produced by plaintiff; [and] any relevant documents provided, or described in plaintiffs' initial disclosures." *Id.* at *3. The Court concluded that it was not sufficient for the respondents to use such a "blanket response." *Id.* Instead, the respondents were directed to supplement their initial disclosure in compliance with the RULE. *Id.*

  In its brief, Precision notes that "one way" to satisfy the RULE is to make copies of all relevant materials. Precision concedes, however, that a party may alternatively satisfy the RULE by providing "a description by category and location" of the documents it may use to support its claims or defenses. Here, in its initial disclosure, Tri Component identified six "categories" of documents which it may use to support its defenses. The initial disclosure stated further that the documents were in Tri Component's "possession, custody or control." The Court concludes that Tri Component's initial disclosure, served nearly one year ago, adequately provides "a description by category and location" of those documents which Tri Component may use to support its defenses. Thus, the Court finds that Tri Component satisfied the initial disclosure requirements of RULE 26(a)(1)(A)(ii).

  Even if Tri Component's initial disclosure failed to comply with RULE 26(a)(1)(A)(ii), however, Precision's motion to compel is untimely. The Rules provide that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

FED. R. CIV. P. 37(a)(3)(A). Such a motion must, however, be timely filed. Local Rule 37.c provides, in part, that "[m]otions to compel must be filed as soon as practicable." Precision vigorously argues that Tri Component's first supplemental disclosure is noncompliant with the RULE. Precision received Tri Component's allegedly inadequate disclosures, however, in July 2012 and waited nearly a year before filing its motion to compel. Because Precision waited almost a year instead of filing the motion as soon as practicable, the Court concludes that Precision's motion is not timely.

Similarly, in regard to Precision's assertion that Tri Component inadequately responded to Interrogatory No. 4, the Court finds the motion is not timely. Tri Component responded to Precision's interrogatories on November 8, 2012. Although Precision claims that Tri Component's response "is clearly unresponsive, incomplete and inadequate," Precision waited seven months before filing a motion to compel. "A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the Court for an order compelling production." *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000). Again, because the motion was not filed "as soon as practicable," the Court finds that Precision's motion is untimely.

In summary, the Court concludes that Precision's motion to compel is untimely and, therefore, will be denied. Even if the motion was timely filed, however, the Court finds that Tri Component's initial disclosure was compliant with RULE 26(a)(1)(A)(ii). Given the Court's conclusions in this regard, it is unnecessary to address Tri Component's argument that any relief is limited to that found in FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1).

### III. MOTION TO EXTEND TIME TO RESPOND

#### A. Relevant Facts

On June 28, 2013, Tri Component filed a motion to exclude the testimony of Precision's expert witness, William Durako. On July 1, Knowlton filed an abbreviated

motion to exclude Durako's testimony, and joined in Tri Component's motion. Precision's responses to the motions were initially due on July 15 and 18, respectively, but the deadlines were previously extended by the Court to July 23.

On June 29, Tri Component filed a motion for summary judgment. On July 1, Knowlton filed a motion for summary judgment, and joined in Tri Component's motion. Precision's responses are due on July 23 and 25, respectively. In its instant motion, Precision asks that the deadline to respond to Defendants' four motions be extended to 21 days "from the date it receives discovery owed to it by Tri Component."

## B. Discussion

When a party seeks a continuance for discovery to obtain facts necessary to oppose a summary judgment motion, FEDERAL RULE OF CIVIL PROCEDURE 56(d) governs.[2] The Rule provides:

> (d) *When Facts Are Unavailable to the Nonmovant.* If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order

The purpose of Rule 56(d) is to "provide an additional safeguard against an improvident or premature grant of summary judgment." *United States ex rel Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (citation omitted). Allowing a

---

[2] Rule 56(d) was previously Rule 56(f). Rule 56(f) was recodified "without substantial change" as Rule 56(d) in December 2010. *Chambers v. Travelers Companies, Inc.*, 668 F.3d 559, 568 (8th Cir. 2012). The textual changes were for stylistic purposes, and "the case law developed under the Rule 56(f) version remains controlling precedent." *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, No. C11-3005-MWB, 2012 WL 2906462, at *2 n.1 (N.D. Iowa 2012).

party to request a continuance for further discovery helps prevent a party from being "unfairly thrown out of court" by a premature summary judgment motion. *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999). Courts have stated that the Rule "should be applied with a spirit of liberality." *Casino Magic Corp.*, 293 F.3d at 426.

In its motion and supporting declaration, Precision asserts four reasons why it believes the deadline for responding to Defendants' motions should be extended: First, Precision argues that Tri Component failed to provide and supplement initial disclosures as required by FEDERAL RULE OF CIVIL PROCEDURE 26. Second, Precision complains that Tri Component did not fully respond to Interrogatory No. 4, and has refused to respond to recent discovery requests on the basis that they were not timely. Third, Precision states that it has not yet received transcripts from the depositions taken of three Tri Component employees on June 26, 2013. Fourth, Precision notes that it only recently received test results from Knowlton, and has sent those results to its expert for further review.

The first two reasons urged by Precision in support of its motion to extend the deadline to respond are discussed above in relation to Precision's motion to compel discovery. Precision persists in stating that Tri Component included "a general list of materials in its possession" in the first supplement to initial disclosures served by Tri Component on May 20, 2013. Precision continues to ignore the fact, however, that Tri Component had described the materials in its initial disclosure *served ten months earlier*. Despite the alleged defects in Tri Component's initial disclosures and answers to interrogatories, Precision did not take any action to compel discovery until the eve of the deadline for filing dispositive motions (July 1, 2013).

Summary judgment is only appropriate when the nonmoving party has had an adequate opportunity to conduct discovery. *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). Here, Precision had more than one year to conduct appropriate discovery.

For whatever reason, Precision has taken a lackadaisical approach to discovery. It cannot now rely on its own nonchalance in arguing that further discovery is required, and in seeking an extension of the deadlines to respond to motions for summary judgment.

The purpose of RULE 56(d) is to ensure that a party has an opportunity to conduct adequate discovery before being required to respond to a motion for summary judgment. *See, e.g.*, *National Surety Corp. v. Dustex Corp.*, 2013 WL 3189079 (N.D. Iowa 2013) (finding that additional time for discovery was appropriate when the motion for summary judgment was filed two days after the scheduling order was entered); *Martindale Corp. v. Heartland Inns of America, LLC*, 2009 WL 362270 (N.D. Iowa 2009) (denying defendant's motion for summary judgment as premature, when the plaintiff had not had adequate time for discovery). *Compare In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*, 113 F.3d 1484 (8th Cir. 1997), cited by Precision in its brief, where the Court concluded that summary judgment was appropriately granted, notwithstanding the claimants' argument that they were not permitted appropriate discovery.

The cases cited by Precision in its brief are easily distinguishable from this case. In *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524 (8th Cir. 1999), it was determined that the district court erred in granting summary judgment without allowing any discovery by the plaintiff. Here, however, Precision had more than a year to conduct discovery. In *Palmer v. Tracor, Inc.*, 856 F.2d 1131 (8th Cir. 1988), the plaintiff did not conduct any discovery while a motion to dismiss was pending. The district court then granted the motion to dismiss and a motion for summary judgment in the same order, without allowing any discovery. *Id.* at 1133. The Eighth Circuit Court of Appeals concluded that the grant of summary judgment was premature, and the plaintiff should have been given an opportunity to conduct discovery. *Id.* at 1133-34. Here, unlike the parties in *Iverson* and *Palmer*, Precision has clearly had adequate time to conduct discovery. That it failed to

seek discovery in a timely manner does not justify an extension of the deadline to respond to the pending motions.

Precision also argues that the deadline should be extended because it has not received the transcripts of depositions taken of Charles Feldman, Adi Adut and Charles Parker on June 26, 2013.[3] At the hearing on the instant motion, Precision's counsel advised the Court that the transcripts had been made available to Precision "last Wednesday" (July 10), but they had not yet been received by counsel because Precision had not yet paid the court reporter. Aside from the fact that the depositions could have been taken months earlier, the Court concludes that Precision's failure to pay and promptly receive the transcripts does not constitute good cause for an extension of the deadline.

Finally, Precision argues that an extension is warranted because it only recently received test results from Knowlton, which have been forwarded to Precision's expert for further analysis. Knowlton's counsel asserted at the hearing that Knowlton was not able to identify the friction paper that was used in the torque converters until Precision took the depositions of Tri Component's employees on June 26. Knowlton notes in its resistance that Precision did not serve any discovery on Knowlton in this case, until a request for production of documents was served on May 30, 2013.[4] The test results, which counsel represented were only a few pages, were then promptly sent to Precision. According to the Knowlton's counsel, the documents simply say that the friction paper passed specifications and, therefore, Knowlton believes that it will not have any significant effect

---

[3] At the hearing on the instant motion, Tri Component's counsel represented that these three persons were identified in Tri Component's initial disclosures served on July 27, 2012. The initial disclosure identified three witnesses: *Allen* Feldman, *Azi* Adut, and Charles Parker.

[4] Because the response to the discovery request was not due until July 2 — one day after the discovery deadline — it was not timely served. *Bailey v. Komatsu Forklift USA, Inc.*, 2008 WL 2674886 (N.D. Iowa 2008).

10

on the opinions of Precision's expert. Precision has not, by affidavit or declaration, specified how the recent receipt of test results from Knowlton prevents it from presenting facts essential to its opposition to the motions for summary judgment.

The Court concludes that Precision has failed to show that, for specified reasons, it cannot present facts essential to justify its opposition to Defendants' motions. FED. R. CIV. P. 56(d). This case was filed in state court on February 7, 2012, and was removed to this court on March 13, 2012. Tri Component's motion for summary judgment was not filed until June 29, 2013, and Knowlton's motion for summary judgment was not filed until July 1 — the deadline for filing dispositive motions. Precision has had an adequate opportunity to conduct all necessary discovery. Precision's failure to complete the discovery which may be necessary to respond to Defendants' motions does not justify an extension of the deadline. Similarly, Precision's failure to pay for a transcript of the depositions does not justify an extension. Finally, Precision failed to show by affidavit or declaration that the test results recently received from Knowlton prevent it from presenting facts essential to justify its opposition to the motions for summary judgment. Accordingly, the Court finds that the motion to extend time to respond should be denied.

## IV. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Compel Discovery (docket number 59) filed by the Plaintiff is **DENIED**.

2. The Motion to Extend Time to Respond (docket number 64) filed by the Plaintiff is **DENIED**.

DATED this 17th day of July, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA